UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

    -v-

DARRELL ROBINSON,

        Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:22-CR-00403 (FB)

*Appearances*
*For the Government*:
SEAN M. FERN
United States Attorney's Office for the Eastern District
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
NORA K. HIROZAWA
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    On November 9, 2023, the Court held a sentencing hearing for Defendant Darrell Robinson ("Defendant") and issued a custodial sentence of fifty months imprisonment and three years of supervised release with the special condition of search proposed by the United States Probation Department in the Pre-Sentence Report ("PSR"). After the Court issued the written judgment, Defendant moved to correct the judgment by removing the special condition.

    For the following reasons, Defendant's motion is denied.

## I.

The Court assumes the parties' familiarity with the underlying record and recites only the portions relevant to its decision.

The Court held Defendant's sentencing hearing on November 9, 2023.[1] The Court began the proceeding by listing the documents that it had in its file, including the PSR. The Court confirmed that defense counsel had reviewed the PSR with her client and that she had no objections to it. The Court then specified that it would rely on the PSR.

Paragraph 76 of the PSR recommended the following special condition of supervised release:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

---

[1] The Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

After colloquy with the parties, the Court sentenced Defendant to a below-guideline-range term of 50 months incarceration with three years of supervised release. In pronouncing the sentence, the Court stated that "[c]ertainly the special condition of search is obviously indicated here." Sentencing Tr. at 31. Defendant made no objection.

The Court issued its written judgment on November 21, 2023, which contained the special condition of search as it was written in the PSR. Defendant moved to correct the judgment on the basis that the Court did not order the special condition at Defendant's sentencing and objected to the condition as applied to his "computers [] and other electronic communications or data storage devices or media." Def.'s Mot Alter J. (cleaned up).

## II.

Rule 43(a) of the Federal Rules of Criminal Procedure requires that a defendant be present at the imposition of sentence. To meet this obligation, district courts must orally impose sentences, including conditions of supervised release, except "where such 'standard conditions' amount to 'basic administrative requirements' or are 'generally recommended' special conditions 'presumed suitable' by the United States Sentencing Commission." *United States v. Whitaker*, No. 21-1543, 2023 WL 5499363, at *3 (2d Cir. Aug. 25, 2023) (first

3

quoting *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999); then quoting *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002)). "[C]onditions of supervision that are neither mandatory under, nor specifically recommended by, the Guidelines and that are not a basic requirement for the administration of supervised release," are not exempt and must be announced in open court. *See United States v. Thomas*, 299 F.3d 150, 155 (2d Cir. 2002) (explaining that such conditions "place additional burdens on the defendant that are neither necessary to nor a foreseeable result of the imposition of supervised release"). In announcing such conditions, the sentencing court must "take the time to state the defendant's sentence and [] indicate the conditions that accompany it in open court with appropriate precision," but may meet its obligation by "indicat[ing] that it would incorporate the conditions listed in the [Presentence Report ("PSR")]." *See id.* at 152, 156.

In discussing the scope of the sentencing court's obligations, the Second Circuit recently noted that:

> we have never articulated a rule that requires district courts to recite at sentencing the complete terms of conditions of supervised release . . . even where additional burdensome special terms must otherwise be orally pronounced, a district court may still orally reference those terms in summary fashion during sentencing, so long as it is clear to what the court is referring. It may, for example, refer to special terms already proposed in the PSR or those which are

>otherwise known to the parties and have been entered elsewhere in the record, so long as the district court makes clear during sentencing it intends to incorporate the terms.

*Whitaker*, No. 21-1543, 2023 WL 5499363, at *4 (citing *Thomas*, 299 F.3d at 152).

At Defendant's sentencing, the Court met its obligation to orally impose the special condition of supervised release by its clear reference to the search condition recommended by the Probation Department in the PSR at paragraph 76. This reference was appropriate because, among other things, the Court began Defendant's sentencing by confirming that his counsel was familiar with the PSR and that she had no objections to it, and the Court informed counsel that it would rely on the PSR. Moreover, defense counsel did not object to the special condition in her sentencing memorandum, nor did she make any objection when the Court stated on the record that it was imposing the special search condition. As the special condition detailed in Defendant's written judgment is identical to the special condition contained in the PSR, Defendant's sentence was correctly imposed — there is nothing for the Court to amend.

For the foregoing reasons, Defendant's motion for a corrected judgment is denied.

**SO ORDERED.**

                                                     /S/ Frederic Block
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
January 23, 2024